IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN B. SAPP and JAIME HOPPER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INDUSTRIAL ACTION SERVICES, LLC ) <br> and RELADYNE, LLC, ) <br> ) <br> Defendants. ) | No. 1:19-cv-00912-RGA |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
SUPPLEMENTAL DECLARATOINS OF JAIME HOPPER AND
KEVIN B. SAPP AND PORTIONS OF PLAINTIFFS' REPLY BRIEF**

Plaintiffs Kevin B. Sapp and Jaime Hopper ("Plaintiffs") hereby oppose the Defendants' Motion to Strike the Supplemental Declarations of Jaime Hopper (the "Supplemental Hopper Declaration") and Kevin B. Sapp (the "Supplemental Sapp Declaration") (D.I. 83), as follows:

**A.   THE SUPPLEMENTAL HOPPER DECLARATION REPLIES TO ARGUMENTS RAISED BY DEFENDANTS**

1.   Defendants seek to strike the Supplemental Hopper Declaration because it supposedly contains information that should have been submitted in opening, not reply. This is incorrect.

2.   As stated in Plaintiffs' Opening Brief in Support of their Motion to Vacate (D.I. 69, at 13), following the undisclosed TowerBrook transaction, "the arbitrators had become personally and professionally disincentivized from making any decision that would directly or indirectly negatively impact [those] private equity investors".

3.   The case law and analysis included in Plaintiffs' Opening Brief did not require an extensive discussion of the facts or conduct of the arbitration itself. Evident

partiality, Plaintiffs argue, has been shown by the non-disclosures and conflicts of the arbitrators regarding the TowerBrook transaction, and the fundamental alteration of the nature of the arbitrators, the arbitrators' contract with the parties, and the arbitration agreement between the parties themselves.

4. In their Opposition to Plaintiffs' Motion to Vacate Arbitration Award (D.I. 75) ("Def. Response"), Defendants argued that "evident partiality" required something approaching "actual bias" under case law referred to by Defendants (*i.e.*, "powerfully suggestive of bias" (*id.*, ¶ 9, quoting *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503 (3d Cir. 1994)) or "if a reasonable person would have to conclude that [the arbitrator] was partial to one side" (*id.*, p.14-15, quoting *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240 (3d Cir. 2013)). Plaintiffs disagree with this interpretation of the case law, as argued in both Plaintiffs' Opening Brief and Plaintiffs' Reply in support thereof (D.I. 79). In fact, as argued, such a detailed post-mortem of the facts and arguments presented to the arbitrators is undesirable (*id.*, p. 9, n.5)

5. However, the Supplemental Hopper Declaration was clearly offered in reply to Defendants' (mistaken) argument that actual bias of the arbitrators during the arbitration would have to be shown. Therefore, it was the proper subject of a reply brief. If the Court accepts Plaintiffs' analysis of the evident partiality standard, then the Supplemental Hopper Declaration will be superfluous. *See* Plaintiff's Reply n.5 (*Id.*).

6. Finally, Defendants seek to strike more of Plaintiffs' Reply than relies on the Supplemental Hopper Declaration. Defendants' Motion to Strike refers to page 9 of Plaintiffs' Reply beginning with the sentence "Further." There is no such sentence.

2

Defendants must be referring to page 8. In the paragraph beginning "Further", only the final two sentences refer to the Supplemental Hopper Declaration, in addition to footnote 5.

### B.     THE SUPPLEMENTAL SAPP DECLARATION IS ADMISSIBLE EVIDENCE

7.     Defendants tersely argue the Supplemental Sapp Declaration should be stricken because it "consists merely of Sapp's opinion that the decks were stacked against … [Plaintiffs] because of the involvement of private equity", and "fails to meet the Rules of Evidence" (D.I. 83, at 10). Defendants do not cite to any authority and are mistaken.

8.     The Supplemental Sapp Declaration (citing facts by reference) explains why the circumstances surrounding the acquisition of EisnerAmper by Towerbrook and Towerbrook's relationship with Audax demonstrate evident partiality. It is relevant and admissible under Rule 701 of the Federal Rules of Evidence.

9.     That is, per Rule 701, the Supplemental Sapp Declaration is, "[r]ationally based on [Sapp's] perceptions, helpful to clearly understand the witness's testimony or a fact in issue [whether TowerBrook's prior business relationship with Audax is evidence of evident partiality], and not based on scientific, technical or other specialized knowledge".

10.     It satisfies the requirements of the Rules of Evidence and is offered in reply to Defendants' Response and in support of the arguments raised in Plaintiffs' Opening Brief, discussed above.

|  |  |
|---|---|
| **OF COUNSEL:** | **MORRIS JAMES LLP** |
|  | */s/ Albert J. Carroll* |
| Maureen Farrell | Albert J. Carroll (#5316) |
| MUERY & FARRELL, P.C. | 500 Delaware Avenue, Suite 1500 |
| 1095 Evergreen Circle, Suite 200 | P.O. Box 2306 |
| The Woodlands, Texas  77380 | Wilmington, DE  19899-2306 |
|  | (302) 888-6800 |
|  | acarroll@morrisjames.com |
|  |  |
|  | *Attorneys for Plaintiffs* |
| Dated:  April 21, 2022 | *Kevin B. Sapp and Jaime Hopper* |

4