IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN B. SAPP and JAIME HOPPER,<br><br>Plaintiffs;<br><br>v.<br><br>INDUSTRIAL ACTION SERVICES, LLC and RELADYNE, LLC,<br>Defendants. | Civil Action No. 19-912-RGA |

MEMORANDUM ORDER

Plaintiffs filed a motion for leave to file under seal for the purpose of giving Defendants an opportunity to demonstrate whether any portions of the materials would work a clearly defined and serious injury to Defendants. (D.I. 78). *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019). Defendants responded by asking for sealing of portions of Exhibits C (a power point presentation) and E (the Wichmann Affidavit and exhibits) to the Hopper Declaration (D.I. 84), and Plaintiffs replied, opposing some of the requests (D.I. 87). I have reviewed Defendants' requests. The documents Defendants want to redact address a variety of subjects, but there are none that self-evidently would work a clearly defined and serious injury if disclosed. Generalized attorney argument is likewise insufficient. There is no declaration from anyone showing how the disclosure of information, most of which is between four and eight years old, would work any "clearly defined and serious injury" to Defendants or to anyone else. Since I am not going to strike the Hopper Declaration, and since Defendants have not shown that portions of Exhibit C and E should be

redacted at all, IT IS HEREBY ORDERED this 26th day of May 2022 that the Hopper Declaration and its exhibits (D.I. 81) are UNSEALED.

                                                    /s/ Richard G. Andrews
                                                    United States District Judge