IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN B. SAPP and JAIME HOPPER,<br><br>Plaintiffs,<br><br>v.<br><br>INDUSTRIAL ACTION SERVICES, LLC and RELADYNE, LLC,<br><br>Defendants. | Civil Action No. 19-912-RGA |

MEMORANDUM ORDER

Before me is Defendants' Motion to Strike Plaintiffs' Demand for a Jury Trial (D.I. 140) and Plaintiffs' Motion for a Jury Trial. (D.I. 146). I have considered the parties' briefing. (D.I. 141, 147, 151). For the reasons set forth below, Defendants' motion is GRANTED and Plaintiffs' motion is DENIED.

Fed. R. Civ. P. 38 provides, in relevant part:

**(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and

(2) filing the demand in accordance with Rule 5(d).

. . .

**(d) Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

The "last pleading" in Rule 38(b) "must be directed to a *new* issue for which the party is demanding a jury trial. Amended pleadings which concern 'the same general issues' as the previous pleadings

1

do not raise 'new issues' under [Rule 38(b)], even if they differ from the earlier pleadings in some particulars." *Cedars-Sinai Med. Ctr. v. Revlon, Inc.*, 111 F.R.D. 24, 30 (D. Del. 1986).

Here, Plaintiffs' initial Petition in Texas state court alleged that Defendants, after purchasing certain of Plaintiffs' assets, refused to pay consideration due under the "Earn Out" provision contained in the purchase agreement. It included a claim for breach of contract against both Defendants. (D.I. 147 at 1; D.I. 1-2 ¶¶ 38–45). After Defendants removed the action to the Southern District of Texas (D.I. 1), Plaintiffs filed their First Amended Petition. (D.I. 7). Defendants filed their Answer to the First Amended Petition (D.I. 12), and the case was transferred to this Court. (D.I. 17).

Plaintiffs filed a Second Amended Complaint (D.I. 34), which, "for the first time, . . . asserted a cause of action for tortious interference with contractual relations against RelaDyne" (D.I. 147 at 1), one of Defendants against which Plaintiffs had previously asserted a breach of contract claim. According to Plaintiffs, "Defendants never filed a responsive pleading to the Second Amended Complaint." (*Id.* at 3). Instead, Defendants filed a motion to dismiss on the grounds that the action should go to arbitration. (D.I. 35). I granted the motion to dismiss. (D.I. 55). The Third Circuit reversed. (D.I. 108). Afterward, Plaintiffs filed their Third Amended Complaint (D.I. 118), which added two new claims. I granted a motion to dismiss the new claims (D.I. 131), after which the Third Amended Complaint largely resembled the Second Amended Complaint. After Defendants filed an Answer to the Third Amended Complaint, Plaintiffs demanded a jury trial for the first time. (D.I. 133, 134). The foregoing events, from the filing of Plaintiffs' initial Petition to their demand for a jury trial, spanned from February of 2019 to August 8, 2024. (D.I. 147 at 2–3).

Plaintiffs argue that the tortious interference claim in the Second Amended Complaint is a new issue for the purposes of Rule 38(b), and that, since Defendants never filed a responsive pleading to the Second Amended Complaint, that new issue carries over to the Third Amended Complaint. (D.I. 147 at 3). Defendants respond that because the First Amended Petition and Second Amended Complaint are based on the "same core facts" (D.I. 141 at 4), the tortious interference claim does not present a new issue. I agree with Defendants.

Generally, when the "same conduct . . . constitute[s] the basis for any claim" between complaints, *Walton v. Eaton Corp.*, 563 F.2d 66, 73 (3d Cir. 1977) (quoting *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973)), the new pleading does not present a new issue under Rule 38. Instead, the new pleading must "change the 'basic issue' or the 'general area of dispute'" in the case. *Id.* Further, "the presentation of a new *theory* does not constitute the presentation of a new *issue* on which a jury trial should be granted as of right under Rule 38(b)." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005) (cleaned up). An "issue" under Rule 38(b) "means something more than the evidence offered and the legal theories pursued." *Blue Mountain Env't Mgmt. Corp. v. Chico Enters., Inc.*, 2006 WL 3053486, at *2 (W.D. Pa. Oct. 25, 2006) (quoting *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980)). Here, Plaintiff's First Amended Petition alleges breach of contract against Reladyne. (D.I. 7 at 13–16). The Second Amended Complaint alleges tortious interference with contractual relations, that is, that Reladyne interfered with the same contract. (D.I. 34 at 18–19). The Second Amended Complaint presents a new legal theory, not a new issue.

Plaintiffs point to two paragraphs in the Second Amended Complaint that purportedly "create a new general issue of fact. . . ." (D.I. 147 at 5–6). Those paragraphs allege that Defendants' purchase of Plaintiffs' goodwill under the purchase agreement triggered that

3

agreement's earn out consideration, and, separately, that $2.9 million of Defendants' total $5 million earn out liability was "written off" when RelaDyne's upstream owner was sold to a private investment firm. (D.I. 147 at 5–6). I am not convinced that these allegations raise a new issue. Per *Walton* and *Lanza*, these additions "merely clarified the same general issues raised in the original complaint." *Walton*, 563 F.2d at 73 (cleaned up).[1] *Lanza* demonstrates that the addition of new facts is not enough to create a new issue:

> In [*Lanza*], the owners of all the stock of the Victor Billiard Company conveyed those shares to the BarChris Construction Company in exchange for BarChris stock. Prior to the transfer, BarChris officers supplied an annual report, a prospectus, and other financial reports concerning BarChris to the owners of the Victor stock. When BarChris filed a petition in bankruptcy less than one year after the exchange, the former owners of the Victor stock commenced an action for compensatory damages against former officers and directors of BarChris under Section 10(b) of the Securities Exchange Act of 1934, and SEC Rule 10b-5. One of the defendant-officers, Kircher, waived his right to trial by jury on claims framed by this complaint. Two years after their original complaint was filed, the plaintiffs amended their original complaint by adding an allegation that the prospectus which had been supplied to them was false on the date of issue. In response to this amendment, Kircher made a timely demand for trial by jury. A year and one-half later, the plaintiffs again amended their complaint. The new amendments 1. alleged that the defendant's conduct had violated Section 17(a) of the Securities Act of 1933, 2. alleged that the defendants' conduct had been willful, and 3. requested punitive damages. In response, Kircher again made a timely demand for trial by jury. Nevertheless, the district court denied Kircher's application for a jury trial, and the Second Circuit affirmed.

*Id.* at 72–73 (citations omitted). The new facts Plaintiffs present in this case are at best comparable to those found not to constitute a new issue in *Lanza*. Plaintiffs' primary argument as to the "new issue" presented by the tortious interference theory and its attendant facts is that it raises questions of intent (D.I. 147 at 5), but *Lanza*'s discussion on willfulness suggests that that is not enough. I find that the Second Amended Complaint does not present a new issue under Rule 38(b).

---

[1] In *Walton*, the Third Circuit described *Lanza* as "[t]he most illuminating case on this point" and quoted it extensively. *Walton*, 563 F.2d at 72. I consider the Third Circuit as having accepted *Lanza*'s reasoning.

4

In the alternative, Plaintiffs ask that I grant a jury trial under my Rule 39(b) discretion. (D.I. 147 at 8). That rule provides, "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). There are five factors to consider in determining whether to grant a jury demand as a matter of discretion:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

*U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 196 (3d Cir. 2000) (citing *Fort Washington Resources, Inc. v. Tannen*, 852 F. Supp. 341, 342 (E.D. Pa. 1994)). Courts generally deny relief under Rule 39(b) when "the only basis for such relief advanced by the requesting party is the inadvertence or oversight of counsel." *Id.* at 195 (quoting *Plummer v. General Elec. Co.*, 93 F.R.D. 311, 313 (E.D. Pa. 1981)).

Plaintiffs assert that the failure to make an earlier jury demand was not through inadvertence or oversight. (D.I. 147 at 11–12). Plaintiffs argue that they were "effectively bound by the issue of whether they were contractually obligated to mediate their claims under the [purchase agreement], which needed resolution before proceeding" (*id.* at 12),[2] and therefore waited until the resolution of that issue before demanding a jury trial. I accept Plaintiffs' counsel's explanation.[3] I do not think the explanation helps Plaintiffs. First, it is a concession that the failure to make a demand was an intentional choice. Second, anticipating that Defendants would move

---

[2] While there was a mediation provision in the contract, *see Sapp v. Industrial Action Servs, LLC*, 75 F.4th 205, 209 (3d Cir. 2023), what took time to resolve was whether the disputes had to be arbitrated, not whether they had to be mediated.

[3] Defendants suggest new counsel for Plaintiffs had a different idea about how to try the case. (D.I. 151 at 8).

5

to compel arbitration of the disputes, a motion that Plaintiffs thought had no merit, in no way prevented, or even counseled against, including a jury trial demand in any of the four petitions/complaints Plaintiffs filed. Thus, because Plaintiffs offer no good reason for their delay, the fifth *Infinity* factor makes the case ill-suited for discretionary relief.

The remaining factors do not change my view. The first and fourth factors argue against discretionarily granting the jury trial request. Though juries often hear breach of contract and tortious interference cases, this case centers on "Earn Out" damages, which necessarily involve EBITDA. Cases involving "intricate evidentiary facts" "requir[ing] auditing, if not accounting" present difficult issues for a jury, especially with respect to calculating damages. *Infinity*, 212 F.3d at 196 (quoting *William Goldman Theatres v. Kirkpatrick*, 154 F.2d 66, 69 (3d Cir. 1946)). This case, with its focus on a business transaction between sophisticated parties, will likely present such issues. Accounting issues are difficult, and they are not particularly suitable for a jury. The first factor weighs against Plaintiffs. The fourth factor clearly weighs against Plaintiffs, given the several petitions and complaints in the past five years in which Plaintiffs had the opportunity to demand a jury. On the other hand, I think the second and third factors favor Plaintiffs,[4] but I do not think that is enough to tip the balance in Plaintiffs' favor.

---

[4] Plaintiffs' motion was made about thirteen months before the scheduled trial. A jury trial might require an extra trial day, but given that trial is scheduled for about six months from now, I don't think granting it would cause any schedule disruption. Plaintiffs' motion was made before any depositions were taken. Given that there are probably no witnesses within the subpoena power of this Court, I would expect some of the depositions might be taken with an eye toward how the deposition might be presented at trial. The parties have had plenty of notice to account for that, so I do not see any prejudice if the motion were granted. I do not think that Defendants' argument that there is prejudice because jury trials are more expensive is very compelling.

For the foregoing reasons, Defendants' motion (D.I. 140) is GRANTED and Plaintiffs' motion (D.I. 146) is DENIED.

IT IS SO ORDERED.

Entered this 20th day of May, 2025

_____
United States District Judge